# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-00044-R

**THOMAS E. FENSKE, et al.**                                              **PLAINTIFFS**

v.

**JOHN R. ODDO, et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Exclude Expert Witness Testimony (DN 29). Plaintiffs have responded (DN 31) and Defendants have replied (DN 37). This matter is now ripe of adjudication. For the reasons that follow, Defendants' Motion is DENIED.

## BACKGROUND

This action arises out of Thomas E. Fenske and Sue Moore Fenske's ("Fenskes" or "Dr. Fenske") purchase of a house in Paducah, Kentucky, located at 233 Valley Road ("the Valley Road House") from John R. Oddo and Sandra M. Oddo ("Oddos"). The Fenskes filed suit against the Oddos in McCracken County Circuit Court, whereafter the Oddos removed the case to the Western District of Kentucky. The Fenskes allege against the Oddos negligence, negligent misrepresentation, fraudulent misrepresentation, breach of contract, and breach of warranty.

The relevant facts for this motion are as follows. On August 29, 2007, the Oddos sold the Valley Road House to the Fenskes. During their thirteen month ownership of the house, the Oddos made a number of improvements, including repairing and updating gutter drain pipes, paving the driveway, painting the basement, and repairing the floor in the basement, among other things. During their time in the Valley Road House, the Oddos claim that they never experienced any kind of water seepage or leakage into the basement. They made such

representations to the Fenskes during the pre-sale negotiations.

In February of 2008, following a severe snow and ice storm, the Fenskes discovered leakage and moisture in the basement of the Valley Road House. The Fenskes claim that water infiltration has continued since that date whenever there is precipitation. On February 25, 2009, the Fenskes filed this action against the Oddos asserting the above stated causes of action. The Fenskes sought damages with regard to (1) the cost to repair the basement (2) the storage costs incurred following the damage to the basement (3) the loss of use of the portion of house that was affected by the leakage (4) the loss of business income for the Fenskes' engineering business and (5) the loss of Dr. Fenske's engineering data destroyed by the leakage. This Court has since granted partial summary judgment in favor of the Oddos regarding the lost engineering data by Dr. Fenske and the lost of business income for the Fenskes' engineering business.

On April 28, 2009, this Court entered a scheduling order that required the Fenskes' expert witnesses to be disclosed by September 1, 2009. That order was later amended, requiring the Fenskes to disclose their expert witnesses instead by April 15, 2010, and then again amended, asking for disclosures by October 8, 2010. The Fenskes made a timely disclosure of seven different experts, including Dr. Fenske, pursuant to the last scheduling order.

On October 18, 2010, a telephonic conference was held with the parties where the date of trial for this action was moved to October 25 of this year. This Court then ordered the parties to provide a list of all the expert witnesses who were planning to testify at trial, describing both their credentials and the expert opinions they were expected to offer. In response to this order, the Fenskes disclose that Dr. Fenske proposes to offer an opinion at trial that after applying figures on the area's yearly precipitation to "water flow calculations" generally know in the engineering field, he is able to conclude that the Oddos would have experienced some water

seepage in the basement during their ownership of the Valley Road House.

**STANDARD**

Qualified experts are afforded the opportunity to offer opinion testimony as evidence where the court qualifies them as experts by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The review of an expert witness' qualifications to testify is a preliminary factual determination for the district court. *Kingsley Associates, Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990). A trial court also "has broad discretion in the matter of the admission or exclusion of expert evidence." *United States v. Kalymon*, 541 F.3d 624, 636 (6th Cir. 2008) (quoting *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004)). "As a gatekeeper, the trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Rose v. Truck Centers, Inc.*, No. 09-3597, 2010 WL 3069613, at *4 (6th Cir. Aug. 6, 2010) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007)). The trial judge must assess "whether the reasoning of methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 592-93 (1993)

**ANALYSIS**

**I. The Court will schedule a *Daubert* Hearing to examine the admissibility of Dr. Fenske's expert opinion testimony.**

Dr. Fenske is a licensed structural and civil engineer and he has numerous years of professional experience. He holds a masters degree and Ph.D. in civil engineering, has taught courses in engineering at four universities, and has worked on a wide range of projects during his career. By virtue of this extensive education and experience, there is little doubt that Dr. Fenske is a qualified expert and capable of giving opinion testimony on the structural soundness of

buildings and the intricacies of water infiltration's impact on a building. However, this is only part of the analysis under Rule 702 and *Daubert*. This Court must also determine if the methodology Dr. Fenske has used to create his opinions about the water infiltration at the Valley Road House is valid and whether the data upon which he relied is accurate. *See id.*

This Court will make accommodations prior to trial to allow the Oddos to further explore Dr. Fenske's methodology in arriving at his conclusions to ensure his testimony meets the requirements of *Daubert* and Fed. R. Evid. 702. It is ordered that a *Daubert* hearing shall be scheduled for 8:00 a.m. on October 5, 2010, where the Court shall examine the admissibility of Dr. Fenske's expert testimony. Counsel for both parties shall be present in chambers at 7:45 a.m.

**II. Given the decision to hold a Dauber hearing, the Oddos' Motion to Exclude is no longer necessary.**

In their Motion to Exclude, the Oddos state that Dr. Fenske's expert opinion testimony should be excluded because it fails certain standards set forth under Fed. R. Evid. 702 and *Daubert*. The concerns the Oddos have about the admissibility of Dr. Fenske's testimony can be addressed at the aforementioned hearing; consequently, their motion to exclude his testimony is improper.[1]

---

[1] Upon review of the motion, the specific objections to Dr. Fenske's testimony are without merit. The first basis for exclusion is that Dr. Fenske offered no testable hypothesis regarding causation of the water infiltration or evidence supporting such a hypothesis. This leaves the Oddos to conclude that "[a]bsent a hypothesis and supporting evidence, all that the [Fenskes] have left to rely on is their own experience in the Valley Road House . . . ." DN 29-2. This objection misconstrues Dr. Fenske's proposed testimony. Dr. Fenske plans to offer opinion evidence concerning only whether similar water infiltration could have occurred given the past amounts of precipitation. Such an opinion could be offered without implicating the question of what actually caused any past water infiltration. Second, the Oddos aver that Dr. Fenske will rely heavily on the temporal proximity of the water damage to the Valley Road House and the Oddos' prior ownership. According to the Oddos, this is an improper basis for expert opinion testimony. This Court feels that the proposed *Daubert* hearing should allayed the Oddos'

The Oddos also claim that the Fenskes have failed to comply with Rule 26(a)(2) and therefore Dr. Fenske should be excluded as an expert witnesses. The Oddos state that the Fenskes did not abide by the second scheduling order that required expert disclosures by April 15, 2010. However, this motion was filed on June 30, 2010, well before the Amended Scheduling Order of August 27, 2010, that required the Fenskes to disclose a list of their expert witnesses by October 8 of this year. The Federal Rules of Civil Procedure are unambiguous that the requirements of Rule 26 may be altered by a court's order. *See* Fed. R. Civ. P. 26(a)(2)(B)-(C). Therefore, the Fenskes have complied with the court-ordered time line and this argument is moot.

Additionally, Rule 26(a) requires that disclosure of expert witnesses must be accompanied by a written report by the expert. Fed. R. Civ. P. 26(a)(2)(B). To the extent that the Fenskes' Amended Disclosure of Expert Witnesses does not satisfy the written report requirement and to the extent that the prior changes in the scheduling orders did not explicitly or implicitly waive this section of the rule, this Court now orders that the expert reports are unnecessary at this juncture and thus do not need to be submitted by either party.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants' Motion to Exclude the Expert Testimony of Dr. Fenske (DN 29) is DENIED.

IT IS FURTHER ORDERED that a *Daubert* hearing concerning the admissibility of Dr. Fenske's expert testimony shall be held at 8:00 a.m. on October 25, 2010. Counsel for both parties shall be present in chambers at 7:45 a.m.

IT IS FURTHER ORDERED that the expert written report requirement under Fed. R.

---

concerns here, as the issue of temporal proximity can be properly addressed at that time.

Civ. P. 26(a)(2)(B) is waived for all experts testifying at trial.